FILED

MAY 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIAMOND STATE INSURANCE COMPANY, an Indiana corporation, | No. 09-16733 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00296-LRH-GWF |
| v. | |
| GENESIS INSURANCE COMPANY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted May 10, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Diamond State Insurance Company appeals the district court's dismissal

with prejudice of its declaratory judgment action against Washoe County School

District and Genesis Insurance Company. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Diamond State first argues that the district court did not have the authority to convert its motion to dismiss without prejudice into a motion to dismiss with prejudice. We disagree. Rule 41(a)(2) of the Federal Rules of Civil Procedure states that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another.").

Diamond State next argues that, even if the district court had the authority to dismiss with prejudice, it erred by dismissing this case with prejudice. We disagree. "We review a district court's determination of the terms and conditions of dismissal under Rule 41(a)(2) for an abuse of discretion." *Id.* (citation omitted). In *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996), we stated, "[w]hen ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Here, the district court found that there would be plain legal prejudice to Genesis were it to dismiss the case without prejudice instead of

with prejudice.  The district court noted that the settlement agreement released any and all claims by any of the parties for anything arising out of the underlying suit. Thus, dismissing without prejudice would essentially allow Diamond State to "revoke its promise."  Therefore, "[t]o protect [Genesis's] interest in entering and upholding the settlement agreement," the court denied the motion to dismiss without prejudice and instead dismissed with prejudice.  Any possible legal prejudice to Diamond State as a result of a dismissal with prejudice was outweighed by the possible legal prejudice to Genesis that could result from a dismissal without prejudice.  Moreover, the settlement agreement stated only that Diamond State would "dismiss" the case; it did not indicate whether that dismissal would be with or without prejudice.  Thus, the district court's order did not contradict the plain language of the settlement agreement.  The district court did not abuse its discretion, and we affirm.

**AFFIRMED.**